UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01356-DOC-DFM                               Date: October 10, 2024

Title: LAZARO RODRIGUEZ V. RENTOKIL NORTH AMERICA, INC. ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [16]

## I. Introduction

Before the Court is a Motion to Remand ("Motion" or "Mot.") (Dkt. 16) brought by Plaintiff Lazaro Rodriguez ("Plaintiff"). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court **GRANTS** Plaintiff's Motion to Remand.

## II. Background

### A. Factual Background

The following facts are drawn from Plaintiff's Second Amended Complaint ("Compl.") (Dkt. 14). This action concerns Plaintiff's employment as a non-exempt employee with Rentokil North America, Inc., and DOES 1 through 20, inclusive, ("Defendant"). Compl. ¶ 1. Plainitff worked for Defendant as a non-exempt employee as a Plant Care Technician from 1999 to 2004. *Id.* ¶ 9. Plaintiff's base rate of pay at the time of termination was $20.7418 per hour. *Id.* Plaintiff's proposed class consists of all California citizens who are currently or were formerly employed by Defendant as non-

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01356-DOC-DFM                                      Date: October 10, 2024
                                                                                                         Page 2

exempt employees in the State of California at any time between February 2, 2022, and the date of class certification. *Id.* ¶ 19. Plaintiff also seeks to certify a subclass of employees—the waiting time subclass—where all members separated their employment with Defendant at any time between February 2, 2022, and the date of class certification (members of the Class and the Waiting Time Subclass are collectively referenced herein as "Class Members"). *Id.* ¶ 20. Plainitff brings this putative class action and representative action pursuant to the Private Attorneys General Act of 2004. Cal. Lab. Code SEC 2698. Plaintiff alleges that Defendant engaged in a systematic pattern of wage and hour violations under California Labor Code and Industrail Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendant's unfair cometpition. *Id.* ¶ 3.

Plaintiff alleges that Defendant has increased their profits by violating state wage and hour laws. *Id.* ¶ 4. Plaintiff asserts the following causes of action:

(1) Failure to pay all wages (including minimum and overtime);
(2) Failure to provide lawful meal periods or compensation in lieu therof;
(3) Failure to authorize or permit lawful rest breaks or provide compensation in lieu thereof;
(4) Failure to provide accurate itemized wage statements;
(5) Failure to pay wages timely during employment; and
(6) Failure to pay wages due upon separation of employment.

*See generally* Compl.

Plaintiff seeks monetary relief against Defendant to recover unpaid wages, benefits, interest, attorneys' fees, costs and expenses, and penalties pursuant to Labor Code violations under Labor Code §§ 201, 202, 203, 204, 210, 226, 226.3, 226.7, 227.3, 246, 510, 1174, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 2698, *et seq.,* and Code of California Civil Procedure § 1021.5. *Id.* ¶ 5.

### B. Procedural History

Plaintiff originally filed suit in the Superior Court of California, County of Orange, on March 4, 2024. (Dkt. 1, Ex. 2). Plaintiff filed a Second Amended Complaint on July 8, 2024 (Dkt. 14). On June 18, 2024, Defendant removed the action to this Court, asserting diversity jurisdiction. ("Notice of Removal") (Dkt. 1). Plaintiff then filed a Motion to Remand Case to Orange County Supreior Court on July 18, 2024 (Dkt. 16). Defendant filed a Motion to Dismiss Plaintiff's Second Amended Complaint on July 22, 2024 (Dkt. 18).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01356-DOC-DFM　　　　　　　　　　　　　　　　　　　Date: October 10, 2024
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

### III.　Legal Standard

Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c). Removal of state actions is allowed only if the plaintiff could have originally filed the action in federal court. *See* 28 U.S.C. § 1441. The party seeking removal bears the burden of establishing federal jurisdiction. *See Ethridge v. Harbor House Rest.,* 861 F.2d 1389, 1393 (9th Cir.1988). Furthermore, courts construe the removal statute strictly against removal. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992). If there is any doubt as to the right of removal in the first instance, remand must be ordered. *See id.*

Pursuant to the Class Action Fairness Act ("CAFA"), federal diversity jurisdiction is established in an action where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—(A) any member of a class of plaintiffs is a citizen of a State different from any defendant; (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." 28 U.S.C. § 1332(d).

In cases where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy requirement has been met. *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir.1997); *see also Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir.1996) (finding that defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds the federal jurisdictional threshold). To meet this burden, the removing party must provide "underlying facts supporting its assertion" that the amount in controversy exceeds the statutory requirement. *Korn v. Polo Ralph Lauren Corp.,* 536 F.Supp.2d 1199, 1205 (E.D.Cal.2008) (citing *Gaus,* 980 F.2d at 567). Such underlying facts may be found in affidavits, declarations, and other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal ...." *Id.* at 1205. The Supreme Court has stated that a defendant can establish the amount in controversy "by an unchallenged, plausible assertion of the amount in its notice of removal." *Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1197-98 (9th Cir. 2015)(citing *Dart Basin Operating Co. v. Owens,* 574 U.S. 81, 88-89 (2014). But if the defendant's assertions of the amount in controversy are challenged by plainitffs then "both sides submit proof and the court then decides where the preponderance lies." *Id.* at 1198.

Plaintiff can respond to Defendant's assertion as to the amount in controversy with either a "facial" or "factual" attack. *Harris v. KM Indus,* 980 F.3d 694, 699 (9th Cir. 2020)(citing *see Salter v. Quality Carriers,* 974 F.3d 959, 964 (9th Cir. 2020)). A facial attack is when the plaintiff accepts the defendant's allegations but says they are insufficient on their face to invoke federal jurisdiction. *Id* (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)). Whereas, a factual attack is when the plaintiff "contests the truth of the [defendant's] factual allegations." *Id.* at 964. A factual attack only needs to challenge the truth of the defendnat's jurisdictional allegations by making reasoned arguments explaining why the defendant's assumptions are not supported by evidence. *Id.* at 700 (citing *see Salter,* 974 F.3d at 964). It is sufficient to contest an assumption but it is not "required to proffer 'an alternative [assumption] grounded in real evidence." *Ibarra*, 775 F.3d at 1199. This differs from a facial attack which challenges the form not the substance of defendant's removal allegations. *Harris,* 980 F.3d 694, 700 (9th Cir. 2020).

When a factual attack is mounted the defendants bear the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. *Id.* at 699 (citing *Ibarra v. Manheim Investments, Inc.,* 775 F.3d 1193, 1197 (9th Cir. 2015).

Plaintiff does not demand a dollar amount in their Complaint. But Plaintiff aruges that Defendant fails to meet their burden because they rely on unsubstantiated assumptions and a self-serving Declaration. Motion at 4. Further they state that Defendant failed to provide competent evidence regarding the number of putative non-exempt employees from February 2, 2022, through the date of removal. *Id.* at 5. Plainitff also states that there is no evidence regarding the number of full-time employees, part-time, total number of weeks worked, average shift length, workweek length or the average rate of pay. *Id.* at 5-6.

Plaintiff's attack is factual because they are not only challenging the lack of evidence but the assumptions that are being made by the Defendant. Plaintiff's attacks are similar to those mounted in the Ninth Circuit case *Harris. See generally* 980 F.3d. In *Harris,* the Ninth Circuit held that an attack on the factual basis of defendant's assumption that all employees in the class had suffered one meal and two rest period violations per work week is factual. *Id.* at 700. This was true even when, just like in this case, Plainitff does not introduce evidence outside the pleadings. *Id.* In conclusion, just as in *Harris,* because Plaintiff is challenging the truth of defendant's allegations by making arguments as to why their assumptions are not supported by evidence, it is a factual attack. *Id.* (citing *see Salter,* 974 F.3d at 964).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01356-DOC-DFM　　　　　　　　　　　　　　　　　　　Date: October 10, 2024
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 5

Because this is a factual attack, the Defenant bears the burden to show that by a preponderance of the evidence the amount in controversy exceeds $5,000,000. *Id.* at 699. This standard does not require this court to perform a detailed mathematical calculation as to the amount in controversy. *Harris,* 980 F.3d at 701. Rather, "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra,* 775 F.3d at 1198. This Court is to weigh the reasonableness of the removing party's assumptions, and assess all evidence put forth by both parties to decide where the preponderance lies. *Id.*

### IV.　**Application**

To succeed here, Defendant has to demonstrate that its method of calculation is based on a representative sample from admissible data, from which it "extrapolate[s] … for the entire class." *LaCross v. Knight Transp. Inc.,* 775 F.3d 1200, 1202-03 (9th Cir. 2015). Here, Defendant relies on the Declaration of Lisa Glass in support of their Notice of Removal. Notice of Removal, Ex. 8. Lisa Glass is the Labor and Employment Paralegal for Defendant. *Id.* at ¶ 1. Ms. Glass states that she has access to Defendant's business records pertaining to human resources data, which includes data related to the dates individuals worked for Defendant. *Id.* In this Declaration, Ms. Glass confirms Defendant's data points based on her review of said employment records. *Id.* at ¶ 2. Plaintiff's contest the use of Ms. Glass' Declaration because they claim it is unsubstantiated and self serving. Mot. at 6.

The Court finds that this Declaration is too speculative to establish that the amount in controversy is over $5,000,000. The Declaration here includes how many non-exempt employees there were at Rentokil as of June 10, 2024, how many have separated employment since February 2, 2022, the "typical work schedule" of the non-exempt employees, and that the employees have always been paid at least minimum wage. Notice of Removal, Ex. 8 at ¶ 4. The Declaration states that as of June 10, 2024, Defendant employed 1,857 non-exempt employees in California. *Id.* at ¶ 4. It is from this information that Defendant calculates that their amount in controversy is $13, 364,690.00. Notice of Removal ¶ 63. However this gives no information as to why the assumptions about the violation rates are reasonable. *Ibarra,* 775 F.3d at 1198. Nor does the Declaration allege the most important information: the likely violation rates. *See Garibay v. Archstone Communities, LLC,* 539 Fed. Appx 763, 764 (9th Cir. 2013)(rejecting calculation of amount in controversy where only evidence provided was "a declaration by [defendnat'] supervisor of payroll, which sets forth only the number of

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01356-DOC-DFMDate: October 10, 2024

Page 6

employees during the relevant period, the number of pay periods, and general information about hourly employee wages.").

The Declaration fails to clarify what information was even taken into account to create Ms. Glass' calculations. Thus, the Court is unable to decipher from the information given how many of the class members the Declaration speaks of worked every week long enough to even entitle them to overtime pay, meal periods, and rest breaks. Defendant also argues that from this information the Court should accept their assumptions that the amount in controversy is also over $75,000 to trigger traditional federal diversity. Notice of Removal ¶ 74. But for the same reasons as previously stated, from Defendant's bare assertions, the Court is unable to find Defendant's assumptions as reasonable. Thus, Defendant's fail to meet their burden and federal jurisdiction under CAFA is not warranted. A remand is necessary to allow both sides to submit evidence related to the contested amount in controversy. The Court cannot speculate and meet Defendant's burden for them.

### V. Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to Orange County Superior Court. All proceedings are hereby VACATED and remved from calendar.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11Initials of Deputy Clerk: kdu

CIVIL-GEN